JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff: Morris (NJ)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew A. Lipman, Esq.; McElroy, Deutsch; 1617 JFK Blvd., Ste. 1500, Phila., PA 19103; T: (215) 557-2900

## DEFENDANTS
LAURA BISSETT and BISSETT'S QUALITY PRO PAINTING, LLC

County of Residence of First Listed Defendant: Lorain (OH)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES
- Citizen of This State: PTF [ ]1 / DEF [X]1
- Incorporated or Principal Place of Business In This State: PTF [ ]4 / DEF [ ]4
- Incorporated and Principal Place of Business In Another State: PTF [X]5 / DEF [ ]5

## IV. NATURE OF SUIT
[X] 370 Other Fraud

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff alleges that Defendants defrauded Plaintiff's subrogor by intentionally depositing fraudulent checks.

## VII. REQUESTED IN COMPLAINT:
DEMAND $ 84,419.21
JURY DEMAND: [X] No

## VIII. RELATED CASE(S) IF ANY

DATE: Nov 19, 2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew A. Lipman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check one category only ).

1. [✔] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES** See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case [ ] is a **REFILED** case [ ] was **PREVIOUSLY REMANDED**

If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.

**III.** In accordance with Local Civil Rule 3.8, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:** Lorain
Corporation For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3) **Other Cases.** If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

**EASTERN DIVISION**

[ ] AKRON (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✔] CLEVELAND (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ] YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ] TOLEDO (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case: 1:25-cv-02528-PAB  Doc #: 1  Filed: 11/20/25  4 of 13.  PageID #: 4

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY, as assignee and subrogee of Community Star Credit Union,<br><br>          Plaintiff,<br><br>v.<br><br>LAURA BISSETT and BISSETT'S QUALITY PRO PAINTING, LLC,<br><br>          Defendants. | No.: |

## PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, Southwest Marine and General Insurance Company, as assignee and subrogee of Community Star Credit Union, by and through its undersigned attorneys, hereby files a Complaint against Defendants, Laura Bissett and Bissett's Quality Pro Painting, LLC (collectively, "Defendants"), and in support thereof avers the following:

### PARTIES

1. Plaintiff, Southwest Marine and General Insurance Company ("Plaintiff"), is a corporation formed and existing in accordance with the laws of the State of New York, with its principal place of business located at 412 Mount Kemble Avenue, Suite 300C, Morristown, New Jersey 07960. Southwest Marine is a citizen of the States of New York and New Jersey

2. Defendant, Laura Bissett ("Ms. Bissett"), a citizen of the State of Ohio, is an adult individual with a residential address of 1307 Pennsylvania Avenue, Lorain, Ohio 44052.

3. Defendant, Bissett's Quality Pro Painting, LLC ("Pro Painting"), is a limited liability company formed and existing in accordance with the laws of the State of Ohio, with its principal place of business located at 11308 Darrow Road, Vermilion, Ohio 44089.

4. Pro Painting's members are Ms. Bissett and Steven Bissett, both citizens of the State of Ohio. Accordingly, Pro Painting is a citizen of the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has proper subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants resides in this district and a substantial part of the events giving rise to the following claims occurred in this district.

## FACTUAL ALLEGATIONS

7. Community Star Credit Union ("CommStar") is a financial institution existing in accordance with the laws of the State of Ohio.

8. Ms. Bissett is an owner of Pro Painting.

9. Ms. Bissett maintained a bank account for Pro Painting with CommStar of which Ms. Bissett was an authorized user.

10. Between March 24, 2025 and April 1, 2025, Ms. Bissett deposited six fraudulent checks totaling $275,000 into Pro Painting's account with CommStar.

11. At the time she made the deposits, Ms. Bissett was aware or should have been aware that the checks were fraudulent in that Pro Painting was not owed any money by the payors of the checks.

12. After the fraudulent checks were deposited into the Pro Painting account at CommStar, Ms. Bissett withdrew the funds derived from the fraudulent checks for her personal use and benefit and/or the benefit of Pro Painting.

13. CommStar discovered the fraudulent checks on April 7, 2025 and took immediate action to attempt to recover the funds derived from the fraudulent checks.

14. CommStar was able to recoup $190,580.79 to partially offset the loss, but a loss amount of $84,419.21 remains.

15. CommStar demanded that Defendants reimburse CommStar for the loss caused due to the fraud, but they failed to do so.

16. As a result of Defendants' fraudulent conduct, Ms. Bissett was criminally charged with Passing Bad Checks and Theft in the Lorain County Court of Common Pleas, No. 25CR114004. Such criminal matter is pending.

17. Plaintiff issued a policy of insurance (the "Policy") to CommStar in which Plaintiff agreed to insure CommStar for losses sustained due to fraud.

18. CommStar submitted a claim under the Policy to Plaintiff based on the losses incurred due to Defendants' fraudulent conduct.

19. Pursuant to the Policy, Plaintiff indemnified CommStar for the losses sustained as a result of Defendants' fraudulent conduct.

20. As a result of indemnifying CommStar, Plaintiff has become subrogated to CommStar.

21. Additionally, CommStar assigned to Plaintiff all of the rights, claims and causes of action that CommStar has against Defendants.

22. Despite demand, Defendants have not returned any portion of the $84,419.21 loss to CommStar or Plaintiff.

## COUNT I
## FRAUD
### Plaintiff v. Defendants

23. Plaintiff repeats and realleges the above allegations as if set forth herein.

24. Defendants represented to CommStar that the above-referenced checks were legitimate when they presented them for deposit into Pro Painting's account with CommStar.

25. Defendants' representations were material and false because the checks were fraudulent.

26. Defendants knew the representations were false when they made them.

27. Defendants' misrepresentations regarding the legitimacy of the checks were made with the intent to mislead CommStar into relying upon them.

28. CommStar did rely upon the misrepresentations of Defendants when CommStar permitted Defendants to deposit the fraudulent checks and have access to the funds derived therefrom.

29. Defendants' conduct was wanton and willful and committed with actual malice.

30. As a result of Defendants' fraudulent conduct, CommStar, and thus Plaintiff, suffered a loss in the principal amount of $84,419.21 and is entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, Southwest Marine and General Insurance Company, demands judgment in its favor and against Defendants, Laura Bissett and Bissett's Quality Pro Painting, LLC, jointly and severally, for compensatory damages in the amount of $84,419.21, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT II
## CONVERSION
### Plaintiff v. Defendants

31. Plaintiff repeats and realleges the above allegations as if set forth herein.

32. CommStar was the rightful possessor and owner of $84,419.21.

33. Without CommStar's consent and without lawful justification, Defendants deprived CommStar of its rightful possession and ownership of $84,419.21 by depositing the fraudulent checks with CommStar and then withdrawing the funds derived from the fraudulent checks.

34. Despite demand, Defendants have not returned any portion of the $84,419.21 loss incurred as a result of Defendants' conversion.

35. Defendants' conduct was wanton and willful and committed with actual malice.

36. As a result of Defendants' conversion, CommStar, and thus Plaintiff, suffered a loss in the principal amount of $84,419.21 and is entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, Southwest Marine and General Insurance Company, demands judgment in its favor and against Defendants, Laura Bissett and Bissett's Quality Pro Painting, LLC, jointly and severally, for compensatory damages in the amount of $84,419.21, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT III
## UNJUST ENRICHMENT
### Plaintiff v. Defendants

37. Plaintiff repeats and realleges the above allegations as if set forth herein.

38. Defendants obtained a benefit from CommStar in the amount of $84,419.21 when they deposited the above-referenced fraudulent checks and withdrew the funds derived therefrom for their personal use and benefit.

39. Despite demand, Defendants did not return the $84,419.21 to CommStar.

40. It is inequitable and unjust for Defendants to continue to retain the benefit that they received at the expense of CommStar without disgorging such benefit.

41. As a result of Defendants' actions, CommStar, and thus Plaintiff, suffered a loss in the principal amount of $84,419.21 and is entitled to an award of compensatory damages in that amount.

**WHEREFORE**, Plaintiff, Southwest Marine and General Insurance Company, demands judgment in its favor and against Defendants, Laura Bissett and Bissett's Quality Pro Painting, LLC, jointly and severally, for compensatory damages in the amount of $84,419.21, together with interest, costs and all further relief that the Court determines to be appropriate.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

By: /s/ Matthew A. Lipman
Matthew A. Lipman, Esq.
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Telephone: (215) 557-2900
Facsimile: (215) 557-2990
mlipman@mdmc-law.com
*Attorneys for Plaintiff*

Dated: November 20, 2025

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY, as assignee and subrogee of Community Star Credit Union <br><br> *Plaintiff(s)* <br> v. <br> LAURA BISSETT and BISSETT'S QUALITY PRO PAINTING, LLC <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Laura Bissett
1307 Pennsylvania Avenue
Lorain, Ohio 44052

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Matthew A. Lipman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CHRISTIAN M. CAPECE, CLERK OF COURT

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY, as assignee and subrogee
of Community Star Credit Union

*Plaintiff(s)*

v.   Civil Action No.

LAURA BISSETT and BISSETT'S QUALITY PRO
PAINTING, LLC

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Bissett's Quality Pro Painting, LLC
11308 Darrow Road
Vermilion, Ohio 44089

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Matthew A. Lipman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CHRISTIAN M. CAPECE, CLERK OF COURT

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                          *Server's signature*

                         _____
                          *Printed name and title*

                         _____
                          *Server's address*

Additional information regarding attempted service, etc: